**FILED**
**Sep 19, 2018**
**11:38 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KNOXVILLE

| | |
|---|---|
| **TERESA COOKE,** | )    **Docket No.: 2017-03-1232** |
| Employee, | ) |
| v. | ) |
| **EMPLOY BRIDGE/DENSO** | ) |
| **MACHINE AND TOOL DIVISION,** | )    **State File No.: 16427-2015** |
| Employer, | ) |
| and | ) |
| **XL INSURANCE COMPANY,** | ) |
| Carrier. | )    **Judge Lisa A. Lowe** |

## COMPENSATION HEARING ORDER
## GRANTING BENEFITS

This matter came before the undersigned Workers' Compensation Judge on September 4, 2018, for a Compensation Hearing.[1] The issues are whether Ms. Cooke is entitled to additional temporary disability benefits, payment of unauthorized medical expenses, and whether she is limited to her original award or increased benefits. For the reasons below, the Court holds Ms. Cooke is entitled to additional temporary disability benefits, her original award of permanent partial disability benefits, and future medical care. However, Ms. Cooke failed to establish entitlement to reimbursement for unauthorized medical expenses.

### History of Claim

Ms. Cooke is a sixty-year-old resident of Blount County, Tennessee with a high school diploma and some college education. The parties agreed her weekly compensation rate is $326.72.

---

[1] Ms. Cooke filed a Request for Expedited Hearing. However, since she reached maximum medical improvement, the parties requested the Court address permanent partial disability benefits. Therefore, the parties agreed to convert the Expedited Hearing to a Compensation Hearing with the caveat that the affidavits and medical records remain admissible exhibits.

1

On February 27, 2015, Ms. Cooke slipped and fell on ice in Denso's parking lot. Employ Bridge accepted the claim as compensable. It provided a panel of physicians, and she selected Dr. David Calvert. He diagnosed head trauma, musculoskeletal pain, vertigo, and elevated blood pressure. She underwent two head CT scans, a neck CT scan, and a brain MRI, which were unremarkable. Due to continued complaints, Dr. Calvert referred Ms. Cooke for a neurology consult.

Employ Bridge provided a panel of neurologists from which Ms. Cooke selected Dr. Darel Butler. Dr. Butler assessed dizziness, visual disturbances, anxiety, and weakness. He ordered a series of diagnostic tests and conservative treatments, including a normal EMG, a head MRA revealing no abnormalities, and a neck MRA that showed right ICA stenosis and a lesion but nothing traumatic. Dr. Butler placed Ms. Cooke at maximum medical improvement (MMI) on July 9, 2015, with no permanent restrictions.

Since Dr. Butler does not provide impairment ratings, Employ Bridge authorized neurologist Dr. Jack Scariano to do so. Dr. Scariano assigned a fifteen-percent permanent impairment to the body as a whole.

Ms. Cooke also underwent evaluation with ear, nose, and throat physician Dr. Taite Seals for continued vertigo. Dr. Seals found no evidence of inner ear damage. She also saw Dr. Kirk Haun for reported double vision. Dr. Haun noted the "moving areas in vision are caused by the vestibular issues. Eyes are healthy overall . . . no treatment currently." Ms. Cooke additionally saw Dr. Mark Widlowski for TMJ, which he advised was chronic.

Following MMI, Ms. Cooke returned to both Dr. Butler and Dr. Calvert for vertigo. Dr. Butler reiterated that he could not find a clear etiology for her vertigo. Dr. Calvert prescribed vestibular physical therapy and said she could return to full duty on July 22, 2015. He discharged her from his care on August 19. In between authorized appointments, Ms. Cooke had two emergency room visits. She claimed that on the second visit, the provider told her that she should see an orthopedist for her vestibular damage. Ms. Cooke said she asked Employ Bridge to authorize orthopedic treatment, but it denied her request. Thus, she sought treatment with her own orthopedist.[2]

Following her release to full duty, Denso terminated Ms. Cooke because her position was filled. She received unemployment until September 2015, when Employ Bridge found a position for her with BP Express. BP Express hired Ms. Cooke in February 2016, and she worked there until her termination for poor job performance on April 26, 2018. Ms. Cooke's initial compensation period expired on October 24, 2016. At that time, BP Express paid her an hourly wage between $13.00 and $13.39.

---

[2] Ms. Cook did not provide copies of her unauthorized medical records and bills to the Court or Employ Bridge.

Ms. Cooke argued entitlement to temporary disability benefits for February 27, 2015 (the date of injury); March 21 through March 25; and July 7 through July 9. She also asserted that she is entitled to see an orthopedist. She asked for increased permanent partial disability benefits because the injury "affected her entire life," including her ability to earn a living. She averred she lost her job at BP Express because of her ongoing medical issues. Ms. Cooke testified that since April 2018, she has applied for over ninety jobs and only had one interview. Finally, she requested open future medical benefits.

Employ Bridge asserted that it provided all medical benefits to which Ms. Cooke was entitled. Her diagnostic tests were normal, and the authorized physician, Dr. Butler, stated there was no clear etiology for Ms. Cooke's vertigo. None of the treating physicians indicated that she needs additional treatment. Thus, Employ Bridge argued it is not responsible for unauthorized medical expenses. Employ Bridge averred it paid Ms. Cooke all appropriate temporary disability benefits. In fact, it paid five days post-MMI, so it is entitled to a credit for $326.72 from the permanent partial disability award. Further, Ms. Cooke is limited to her original award for $22,053.60 because as of the expiration of the initial compensation period, her rate of pay was higher than at the time of injury.

### Findings of Fact and Conclusions of Law

At a compensation hearing where the injured employee has arrived at a trial on the merits, the employee must establish by a preponderance of the evidence that he or she is, in fact, entitled to the requested benefits. *Panzarella v. Amazon.com, Inc.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 30, at *10-11 (May 15, 2017); Tenn. Code Ann. § 50-6-239(c)(6).

*Temporary Disability Benefits*

To qualify for temporary disability benefits, Ms. Cooke must establish: (1) that she became disabled from working due to a compensable injury; 2) that there is a causal connection between the injury and the inability to work; and 3) the duration of the period of disability. *Jones v. Crencor Leasing and Sales,* 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). The Workers' Compensation Law provides that an injured worker is entitled to temporary partial disability benefits when the temporary disability is not total. *See* Tenn. Code Ann. § 50-6-207(1)-(2). Temporary partial disability refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery. *Mace v. Express Servs., Inc.,* 2015 TN Wrk. Comp. App. Bd. LEXIS 49, at *8 (Dec. 11, 2015). "In circumstances where the treating physician has released the injured worker to return to work with restrictions prior to maximum recovery, and the employer . . . cannot return

3

the employee to work within the restrictions . . . , the injured worker may be eligible for temporary partial disability." *Jones,* at *8.

First, Ms. Cooke claims entitlement to temporary disability benefits for the date of injury, since her disability lasted more than fourteen days. However, Tennessee Code Annotated section 50-6-205(a) states that the period of compensation "shall be allowed beginning with the first day *after* the injury." (Emphasis added.) The Court holds Ms. Cooke is not entitled to temporary disability benefits for the date of injury.

Next, Ms. Cooke claims entitlement to temporary disability benefits from March 21 through March 25. On March 16, Dr. Calvert placed light-duty restrictions for nine days. Ms. Cooke testified that she returned to work on March 16, but the next day she had difficulty working due to pain, swelling, and vertigo, and she had to leave early. She said her supervisor advised her to return to work on March 25. Employ Bridge offered no testimony to refute this testimony. Therefore, the Court holds Ms. Cooke is entitled to temporary partial disability benefits from March 21 through March 25 in the amount of $326.72.

Finally, Ms. Cooke claims entitlement to temporary disability benefits from July 7 through July 9. However, Employ Bridge provided the adjuster's affidavit and the claim payment list showing that in July it paid Ms. Cooke from July 1 through July 14, which is five days post-MMI. Ms. Cooke testified that she has no proof that Employ Bridge paid her after MMI. She said she requested verification that the check cleared, but she acknowledged she did not ask in enough time for the adjuster to provide the information for the hearing. The Court holds Ms. Cooke failed to establish that she did not receive temporary disability benefits from July 1 through 14. Therefore, Employ Bridge is entitled to a credit of $326.72 against the original award.

*Medical*

Employ Bridge was obligated to provide Ms. Cooke with reasonable, necessary, and related medical treatment with an authorized physician. *See* Tenn. Code Ann. § 50-6-204. The Court concludes that Employ Bridge met its statutory obligation. Ms. Cooke provided no evidence that an authorized physician made an orthopedic referral. Additionally, she failed to provide records or bills of the unauthorized treatment she received. Therefore, the Court holds she failed to establish entitlement to payment of unauthorized medical expenses. However, Ms. Cooke is entitled to future reasonable, necessary, and related expenses with Drs. Calvert and/or Dr. Butler.

*Permanent Partial Disability Benefits*

Ms. Cooke's original award was 67.5 weeks of benefits, and her initial compensation period expired on October 24, 2016. *See* Tenn. Code Ann. § 50-6-

207(3)(A). If an employee is unable to return to work with any employer or returns to work at less than his/her pre-injury pay, that employee may be entitled to increased benefits. *See* Tenn. Code Ann. § 50-6-207(3)(B). On October 24, 2016, while employed by BP Express, Ms. Cooke earned more pay than before the injury. Therefore, she is limited to her original award.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Cooke is not entitled to reimbursement for her unauthorized medical expenses. Employ Bridge shall provide future reasonable, necessary, and related medical care with Drs. Calvert and/or Butler.

2. Payment of past-due benefits in the amount of $326.72 shall be made for the period from March 21 to March 25, 2015.

3. Under Tennessee Code Annotated section 50-6-207(3), Ms. Cooke is entitled to 450 weeks times her impairment rating, which equates to $22,053.60, less the TTD overpayment of $326.72, for an original award of $21,726.88 in permanent partial disability benefits.

4. The filing fee is taxed to Employ Bridge under Tennessee Compilation Rules and Regulations 0800-02-21-.07, to be paid within five business days.

5. Employ Bridge shall file with the Court Clerk (WC.CourtClerk@tn.gov) a Statistical Data form (SD-2) within ten days of entry of this Order.

6. Absent an appeal, this Order becomes final thirty calendar days after entry.

**ENTERED on September 19, 2018.**

_____
**LISA A. LOWE, JUDGE**
**Court of Workers' Compensation Claims**

5

# APPENDIX

Exhibits:

1. Affidavit of Teresa Cooke
2. Affidavit of Shelly Sprague with indemnity and medical expenses paid lists
3. Affidavit of Candy Daugherty
4. Pre-Injury Wages
5. Wage Statement, Form C-41
6. First Report of Work Injury, Form C-20
7. Panel of Physicians, Form C-41-collective
8. BP Express Personnel File
9. Table of Contents of Medical Records
   a. Blount Memorial Hospital
   b. Dr. David Calvert, BMH Occupational Health
   c. Dr. Darel Butler, East Tennessee Medical Group
   d. Dr. Taite Seals, Ear, Nose, & Throat Consultants of East Tennessee
   e. Dr. A. Kirk Haun, Campbell, Cunningham, and Taylor
   f. Dr. Mark Widloski, East Tennessee Oral & Maxillofacial Surgery
   g. Dr. Todd Wiener, One Call Peer Review
   h. Dr. Jack Scariano, Agreed Independent Medical Examination for Rating and Causation
10. Ms. Cooke's receipts of the temporary disability payments

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Show Cause Order
4. Order Granting Extension
5. Request for Expedited Hearing
6. Motion to Compel Discovery
7. Notice of Filing of Employee's Response to Motion to Compel and Request for Extension of Time
8. Order Granting Extension
9. Pre-Expedited Hearing Brief
10. Employer's Witness and Exhibit List

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Compensation Hearing Order was sent to the following recipients by the following methods of service on September 19, 2018.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Teresa Cooke, Self-Represented Employee | X | | X | Teresa Cooke<br>501 Brown School Road<br>Maryville, TN 37801<br>tgcoo423@gmail.com |
| Sarah H. Reisner, Employer's Attorney | | | X | SReisner@ManierHerod.com |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**